IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __20-mc-00227-DDD__

EUGENE SCALIA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Petitioner,

v.

PURE POLLINATION, LLC.,

    Respondent.

## PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA

Petitioner Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under Section 8(b) of the Occupational Safety and Health Act of 1970, as amended, 29 U.S.C. § 657(b) (the "Act"), to judicially enforce a subpoena duces tecum and two subpoenas testificandum issued by the Occupational Safety and Health Administration ("OSHA"). In support of this Petition, the Secretary states as follows:

1. Section 8(b) of the Act, 29 U.S.C. § 657(b), confers jurisdiction of this action upon the Court.

2. The Secretary directed a subpoena duces tecum and two subpoenas testificandum to Respondent, Pure Pollination, LLC ("Pure Pollination"), which is a Colorado corporation having a principal place of business at 133 Main Avenue, Akron, Colorado 80720. See Attachment 1, Subpoena Duces Tecum; Attachment 2, Subpoena Ad Testificandum – Rodriguez; Attachment 3, Subpoena Ad Testificandum – Wetch; Attachment 4, Declaration of Christopher Fisher ("Fisher Decl.") ¶¶ 6, 12. The business is within this Court's jurisdiction.

3. Pure Pollination is a non-GMO seed company that packages, ships and sells its products throughout the United States, and is an employer engaged in businesses affecting

commerce under Section 3(5) of the Act, 29 U.S.C. § 652 (3), (5).  Fisher Decl. ¶ 6.

4. On April 4, 2020, OSHA received a complaint from Serita Melton, a former employee of Pure Pollination.  Ms. Melton reported that she complained to her supervisors about unclean conditions in the workplace, and that Pure Pollination subsequently terminated her employment, ostensibly for making these complaints.  Id., ¶ 5.

5. On April 6, 2020, Christopher Fisher, a regional investigator with OSHA's Whistleblower Program and an authorized representative of the Secretary, sent an electronic mail containing Melton's complaint and an OSHA notification letter, informing Pure Pollination of the complaint, that OSHA would be investigating the complaint and asking for the company to respond to the allegations.  Id., ¶ 7.  Fisher received a call from a woman claiming to be the owner's sister, who provided a new email address and confirmed the company's mailing address.  Fisher resent the electronic mail, and sent the complaint and notification by United States Postal Service ("USPS") certified mail service on April 7, 2020.  Id., ¶¶ 7, 8.  USPS confirmed receipt of the letter on April 10, 2020.  Fisher requested that Pure Pollination respond to its notification letter requesting Pure Pollination provide a "full and complete written account of the facts and statement of its position with respect to the allegation that it had retaliated" against Melton by April 26, 2020.  Id., ¶ 8.

6. Pure Pollination failed to respond to OSHA's April 7, 2020 letter.  Id., ¶ 9.

7. OSHA sent a "failure to cooperate" letter to Pure Pollination by USPS certified mail on April 27, 2020.  The letter was received on April 30, 2020.  In the letter, OSHA informed Pure Pollination that continued failure to cooperate with its investigation may lead to a determination without the company's input, and could result in an adverse inference against the company.  Id., ¶ 10.

8.	Pure Pollination failed to respond to OSHA's April 27, 2020 letter.  Id., ¶ 11.

9.	Next, OSHA issued subpoenas testificandum for the testimony of Melton's two supervisors, and a subpoena duces tecum for records relating to Melton's employment, complaints she lodged while employed, and her termination from employment.  The subpoenas were sent via USPS certified mail on May 11, 2020.  USPS confirmed delivery of the subpoenas on May 14, 2020.  Pure Pollination was directed to comply with the subpoenas by June 10, 2020.  Id., ¶ 12.

10.	Pure Pollination failed to respond to the subpoenas.  Id., ¶13

11.	Pure Pollination has failed to respond to OSHA's attempts to resolve its failure to comply with the subpoenas, despite OSHA's attempts to reach resolution through electronic mail, voice messages and the letters after Pure Pollination received the subpoenas.  Id. ¶ 13.  See also Attachment 5, Declaration of Shawn Vollrath, ¶¶ 4, 5.

12.	The documents and testimony sought by the subpoenas are relevant to the Secretary's inquiry as to whether Pure Pollination violated the Act.  Id., ¶ 14.

13.	The issuance and service of the subpoenas are authorized by Section 657(b) of the Act, which provides that "in making his inspections and investigations under this Act the Secretary may require the attendance and testimony and the production of evidence under oath."

14.	Pure Pollination's failure to comply with the subpoena constitutes disobedience and resistance to a lawful subpoena, and an attempt to resist and thwart the Secretary's lawful inspection and investigation.

15.	Petitioner has mailed all documents it filed with the court to Respondent.  Upon receiving an Order to Show Cause, Petitioner will effectuate service in accordance with Federal Rule of Civil Procedure 4.

WHEREFORE, Petitioner Secretary of Labor, United States Department of Labor, moves

this Court to order Respondent, Pure Pollination, to comply in full with the Secretary's subpoenas duces tecum and testificandum pursuant to Section 8(b) of the Act, 29 U.S.C. § 657(b). The Secretary further moves the Court to toll 29 U.S.C. § 658(c)'s limitations period until Respondent produces the requested documents and testimony from the subpoenaed supervisors.

    Respectfully submitted,

    Kate S. O'Scannlain
    Solicitor of Labor

    John Rainwater
    Regional Solicitor

    Lydia Tzagoloff
    Associate Regional Solicitor


    /s/ Francesca Cheroutes
    **Francesca Cheroutes**
    Senior Trial Attorney
    U.S. Dept. of Labor, Office of the Solicitor
    1244 Speer Boulevard, Suite 515
    Denver, CO  80204
    Telephone: (303) 844-0965
    Fax: (303) 844-1753
    E-mail: cheroutes.francesc@dol.gov
    Attorneys for Petitioner