IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __20-mc-00227-DDD__

EUGENE SCALIA, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Petitioner,

v.

PURE POLLINATION, LLC.,

    Respondent.

**BRIEF IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**

This is a case in which a company refuses to produce documents and testimony in response to administrative subpoenas. Petitioner, Eugene Scalia, Secretary of Labor, United States Department of Labor's (the "Secretary's") Occupational Safety and Health Administration ("OSHA")[1] lawfully issued and served subpoenas on Respondent, Pure Pollination, LLC, ("Pure Pollination") after receiving a complaint that the company had unlawfully discharged an employee. Since then, OSHA's whistleblower investigator has repeatedly attempted to communicate with Pure Pollination about the agency's investigation. These efforts have proven futile. Thus, the Secretary brings this petition under Section 8(b) of the Occupational Safety and Health Act of 1970 (the "Act"), 29 U.S.C. § 657(b), to compel Pure Pollination to comply with the subpoenas.

    I.    **Introduction and Factual Background**

In the week leading up to her termination Sarita Melton ("Melton") complained to her supervisors at Pure Pollination about unsafe and unclean conditions in the workplace. On April 4,

---

[1] In this brief, Petitioner uses the terms "Secretary" and "OSHA" interchangeably.

2020, Pure Pollination terminated her employment, possibly for making these complaints. Melton filed a whistleblower complaint with OSHA under Section 11(c) of the Occupational Safety and Health Act of 1970 ("Section 11(c)"). 29 U.S.C. § 660(c)[2] that same day. Christopher Fisher Affidavit ("Fisher Affidavit), ¶ 5.

Pure Pollination, per its website, "is a vegetable, herb, and flower seed company established in 2016 in Akron, Colorado." See About Pure Pollination, available at https://www.purepollination.com/about-us/ (last visited June 18, 2020).

As in all Section 11(c) investigations, OSHA sent a notification letter to Pure Pollination on April 6, 2020 by United States Postal Service ("USPS") certified mail and by e-mail. See Attachment 4, Fisher Declaration, ¶¶ 7, 8. In that letter, OSHA advised the company that Melton had filed a discrimination complaint against the company and enclosed a copy of Melton's complaint. Id. The notification letter also directed Pure Pollination to submit within 20 days "a full and complete written account of the facts and statement of your position with respect to the allegation that you have retaliated" against Melton. Id., at ¶ 8. OSHA in that letter also invited Pure Pollination to submit relevant documents in its response, which was due on April 26, 2020. Id. On April 10, 2020, USPS confirmed delivery of OSHA's notification letter to Pure Pollination. Id.

OSHA never received a response to the April 6 notification letter. Id. at ¶ 9. Therefore, on April 27, 2020, OSHA sent a "failure to cooperate" letter to Pure Pollination by USPS certified

---

[2] This statutory provision prohibits employers from retaliating against employees who, among other things, make safety-related complaints. It provides in relevant part that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted … or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter." 29 U.S.C. § 660(c).

mail. Id. at ¶ 10. OSHA in that letter advised that Pure Pollination's "continued failure to cooperate with this investigation may lead OSHA to reach a determination without your input." Id. OSHA also warned that it "may draw and adverse inference against [Pure Pollination] based on [its] refusal to cooperate with this investigation." Id. USPS confirmed delivery of this letter on April 30, 2020. Id.

Pure Pollination did not respond to this letter, either. Id. at ¶ 11. OSHA thus issued subpoenas for the testimony of Melton's two supervisors, Jeremy Wetch ("Wetch") and Arthur Rodriguez ("Rodriguez"), and documents – all to be produced by June 10, 2020. Id. at ¶ 12. The agency sent those to Pure Pollination by certified mail on May 11, 2020 and received USPS confirmation of delivery on May 14, 2020. Id. Pure Pollination has not responded to the subpoenas. Id. at ¶ 13.

## II.   Argument

Here, the Secretary lawfully issued subpoenas to Pure Pollination. Both Shawn Vollrath, the Regional Supervisory Investigator for the OSHA, and Christopher Fisher, the regional investigator for the Whistleblower Protection Program for the OSHA, have unsuccessfully attempted to obtain information from Pure Pollination before involving the Court. The Secretary seeks an order requiring Pure Pollination: (1) to produce the information set forth in attachment A to the subpoena duces tecum; and (2) compelling Wetch and Rodriguez to appear before OSHA's investigator to provide testimony pursuant to the subpoenas ad testificandum.

### A.  This Court has Jurisdiction to Enforce the Subpoena Issued to Pure Pollination.

Section 8(b) of the Act, 29 U.S.C. § 657(b), confers jurisdiction of this action upon the Court. That statute provides in relevant part that the Secretary may issue subpoenas during his inspections and that this Court can compel compliance with those subpoenas:

> In making his inspections and investigations under this Act the Secretary may require the … testimony of witnesses and the production of evidence under oath. … In case of a contumacy, failure, or refusal of any person to obey such an order, any district court of the United States …, within the jurisdiction of which such person is found, or resides or transacts business, upon the application by the Secretary, shall have jurisdiction to issue to such person an order requiring such person to appear to produce evidence if, as, and when so ordered, and to give testimony relating to the matter under investigation or in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof.

The Court thus has jurisdiction to enforce the subpoenas that the Secretary issued to Pure Pollination.

### A. The Court Must Enforce an Administrative Subpoena Issued Pursuant to a Legitimate Inspection and Seeking Reasonably Relevant Documents.

Administrative subpoenas enable federal agencies to execute their duties to investigate potential violations of the law. Okla. Press Publ'g Co. v. Walling, 327 U.S. 186, 201 (1946); see also Donovan v. Lone Steer, Inc., 464 U.S. 408 (1984) (reaffirming holding in Okla. Press). To invalidate an administrative subpoena is to question Congress's power to delegate enforcement of federal laws. Okla. Press, 327 U.S. at 201. Subpoena enforcement matters are therefore summary in nature. See E.E.O.C. v. Dillon Cos., 310 F.3d 1271, 1277 (10th Cir. 2002); United States v. McDonnell Douglas Corp., 751 F.2d 220, 299 (8th Cir. 1984) ("Departing from the summary nature of a subpoena enforcement proceeding is the exception rather than the rule"). See also Interstate Commerce Comm'n v. Gould, 629 F.2d 847, 851 (3d Cir. 1980), cert. denied, 449 U.S. 1077 (1981). The proceeding's scope is narrow "'because of the important governmental interest in the expeditious investigation of possible unlawful activity.'" In re F.T.C. Line of Bus. Report Litig., 595 F.2d 685, 702-03 (D.C. Cir. 1978) (internal citation omitted).

### B. The Court Should Enforce OSHA's Administrative Subpoenas Because the Secretary Can Satisfy the Tenth Circuit's Test.

An agency is entitled to judicial enforcement of its subpoena where it can show that: (1) the inquiry is conducted pursuant to a lawfully authorized, legitimate purpose; (2) the subpoena is reasonably relevant to an investigation that the agency has authority to conduct; and (3) all administrative prerequisites have been met. In re Appl. to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles, 87 F.3d 413, 415 (10th Cir. 1996) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)); S.E.C. v. Blackfoot Bituminous, Inc., 622 F.2d 512, 514 (10th Cir.), cert. denied, 449 U.S. 955 (1980). The Secretary can satisfy all three of these elements.

#### 1. OSHA Issued the Subpoenas to Pure Pollination for a Lawfully Authorized, Legitimate Purpose.

The first inquiry is whether a subpoena was issued for a lawful purpose within OSHA's statutory authority. The Act aims ". . . .to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources . . . ." 29 U.S.C. § 651(b). The Act thus empowers the Secretary during his inspections to "require the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). These subpoena powers are broad. The Supreme Court has observed that "an administrative agency charged with seeing that the laws are enforced . . . has a power of inquisition . . . [under which it] can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950). OSHA's investigation into whether an employer violated the Act's prohibition against unlawful discrimination, and compelling Pure Pollination to produce documents and testimony related to its relevant policies and procedures is thus statutorily authorized. As such, the Secretary's subpoenas here satisfy the test's first prong.

2. The Subpoenas are Reasonably Relevant to an Investigation that OSHA has Authority to Conduct.

The second inquiry is whether the information sought reasonably relates to such a statutorily authorized investigation. This is a permissive standard; as long as the requested material "'touches a matter under investigation,'" relevancy is established. Martin v. Gard, 811 F. Supp. 616, 621 (D. Kan. 1993) (quoting E.E.O.C. v. Elrod, 674 F.2d 601, 613 (7th Cir.1982)). It suffices that the information sought is relevant to any inquiry that the administrative agency is authorized to undertake. Id. (emphasis added) (citing Dole v. Trinity Indus., Inc., 904 F.2d 867, 871 (3rd Cir. 1990)). OSHA's subpoenas seek several categories of information, which included: employee handbooks, pay records and personnel files, safety policies, documentation received from governmental entities on workplace safety and health related to the COVID-19 pandemic, and a position statement explaining Melton's termination. This information will enable OSHA to evaluate the merits of potential violations of the Act's requirements, particularly those relating Whistleblower protections. The subpoenas therefore seek information relevant to OSHA's investigation.

3. The Secretary Met All Administrative Prerequisites with Respect to the Subpoenas.

As discussed above, the Act specifically empowers OSHA to issue subpoenas that require the production of documentary evidence and oral testimony relating to any matter under investigation. 29 U.S.C. § 657(b). The subpoenas were signed and issued by Regional Investigator Fisher, and subsequently served upon Respondent. Consequently, the Secretary met all administrative prerequisites.

### III. Conclusion

Pure Pollination's failure to comply with the subpoenas constitutes disobedience and resistance to lawful subpoenas, and an attempt to resist and thwart the Secretary's lawful investigation. The Court should thus issue an order requiring Pure Pollination to produce the documents requested in Attachment A to the subpoena. Additionally, the Court should order Pure Pollination to produce Wetch and Gonzalez to provide testimony to OSHA.

WHEREFORE, petitioner Secretary of Labor, United States Department of Labor, moves this Court to order Respondent, Pure Pollination, to comply in full with the Secretary's subpoena duces tecum and its subpoenas ad testificandum pursuant to Section 8(b) of the Act, 29 U.S.C. § 657(b).

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

John Rainwater
Regional Solicitor

Lydia Tzagaloff
Associate Regional Solicitor

/s/ Francesca Cheroutes
**Francesca Cheroutes**
Senior Trial Attorney
U.S. Dept. of Labor, Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204
Telephone: (303) 844-0965
Fax: (303) 844-1753
E-mail: cheroutes.francesc@dol.gov
Attorneys for Petitioner